UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM RANDOLPH,

    Plaintiff(s),

v.

KSNV, et al.,

    Defendant(s).

Case No.: 2:20-cv-00097-RFB-NJK

**REPORT AND RECOMMENDATION**

District courts screen complaints brought by plaintiffs seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e).[1] A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court

---

[1] Plaintiff neither paid the filing fee nor filed an application to proceed *in forma pauperis*, which would ordinarily warrant issuance of an order that he do one or the other. Nonetheless, separate from the § 1915 screening process, district courts also have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Regardless of whether Plaintiff intends to proceed *in forma pauperis*, his case is subject to dismissal for the reasons discussed herein.

dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

On May 24, 2013, United States District Judge Andrew P. Gordon dismissed a complaint filed by Plaintiff because of, *inter alia*, its fanciful nature and the existence of only conclusory, incoherent allegations. *Randolph v. Gillespie*, Case No. 2:13-cv00320-APG-PAL, Docket No. 7 (D. Nev. May 24, 2013). When Plaintiff failed to file an amended complaint curing those defects, Judge Gordon entered judgment. *Id.*, Docket Nos. 11-12 (D. Nev. July 2, 2013).

On January 10, 2020, Plaintiff filed the instant lawsuit, which appears to be an attempt to appeal that entry of judgment or to file an amended complaint years later in an attempt to resolve the previous deficiencies. *See* Docket No. 1-1 at 1, 8.[2] Plaintiff alleges through this complaint that he is entitled to $300,000,000,000 based on "Jehovah Almighty's determination" that his appeal has already succeeded. *Id.* at 6. As with the complaint filed previously, the instant complaint is comprised of conclusory and incoherent ramblings that do not state a claim for relief.[3]

Accordingly, in light of the frivolous nature of Plaintiff's complaint, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice.

Dated: January 15, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen

---

[2] For unknown reasons, Plaintiff also references the 2013 entry of judgment in another of his cases. *See id.* at 10-12 (attaching docket from *Randolph v. Naph-Care Inc.*, Case No. 2:11-cv-01704-JCM-NJK (D. Nev)).

[3] The deadline for filing an appeal of Judge Gordon's entry of judgment expired years ago. *See* Fed. R. App. P. 4(a).

2

days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).